```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
MICHAEL F. SABITONI, as Trustee of )
the Rhode Island Laborers' Health  )
Fund; the Rhode Island Laborers'   )
Pension Fund; the New England      )
Laborers' Training Trust Fund;     )
the New England Laborers'          )
Labor-Management Cooperation/Trust )
Fund; the New England Laborers;    )
and the RHODE ISLAND LABORERS'     )
DISTRICT COUNCIL OF THE LABORERS'  )
INTERNATONAL UNION OF NORTH        )
AMERICA, AFL-CIO,                  )
                                   )
            Plaintiffs,            )
     v.                            )    C.A. No. 13-755 S
                                   )
INSITE CONSTRUCTION, LLC,          )
                                   )
            Defendant.             )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Pending before the Court is Plaintiffs' Motion for Summary Judgment (ECF No. 7).[1] For the following reasons, the motion is GRANTED.

The facts of this case are uncomplicated, and, to date, undisputed. Plaintiff Michael F. Sabitoni acts as trustee for multiemployer, joint-benefit plans that provide health and

---

[1] Plaintiffs' motion was filed in March 2014. Defendant, Insite Construction, LLC, was granted an extension of time to file its response by April 28, 2014. No response has been filed.

welfare benefits to union employees who contribute to the funds pursuant to a collective bargaining agreement entered into on June 1, 2009, and a second collective bargaining agreement entered into on June 1, 2013. (Pls.' Statement of Undisputed Facts ("SUF") ¶ 1, ECF No. 8.) Defendant Insite Construction, LLC ("Insite" or "Defendant") agreed to be bound by the 2009 agreement, and any successor agreements, in June 2010. (SUF ¶ 3).

Both collective bargaining agreements require Insite to remit dues and contribute certain amounts to the benefit plans for each hour worked by employees covered under these plans. (SUF ¶ 4.) Insite reported the amount of benefits and dues it owed to Plaintiffs from September 2012 to December 2012 and again in July 2013, September 2013, October 2013 and January 2014, but remitted no payments.[2] (SUF ¶¶ 8-16.)

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment has a dual nature. The moving party bears the initial burden of demonstrating a lack of a material issue of fact, which shifts the burden to the non-moving party, who then must show the trier of fact could rule in his favor with respect to

---

[2] After the Complaint was filed in this case, Defendant remitted payments for March through June 2013, but did not make any additional payments.

each issue. Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). If, after this burden shifts, the non-moving party presents no evidence, summary judgment may be appropriate. Feinstein v. Brown, 432 F. Supp. 2d 258, 262-63 (D.R.I. 2006).

The undisputed evidence establishes that Insite was required to make dues payments and contributions to the benefit plans, and recognized its responsibility to do so by sending remittance reports to Plaintiffs. (SUF ¶¶ 3, 8-16.) However, after sending these reports, Insite did not send the corresponding payments from September 2012 to December 2012 and again in July 2013, September 2013, October 2013 and January 2014. (SUF ¶¶ 8-16.)

Insite has offered an explanation for its non-performance by filing a third-party complaint against KBE Building Corporation and Federal Insurance Company. (ECF No. 6.) In its third-party complaint, Insite alleges that KBE Building Corporation and Federal Insurance Company have wrongfully refused to pay Insite for work on certain construction projects, which, in turn, has contributed to Insite failing to make payments to Plaintiffs. This explanation does not excuse Insite from its responsibilities to Plaintiffs. The undisputed facts remain that Insite is liable to Plaintiffs regardless of the

claims it may have against KBE Building Corporation and Federal Insurance Company.

Therefore, Plaintiffs' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: August 20, 2014