UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
MICHAEL F. SABITONI, as Trustee of  )
the Rhode Island Laborers' Health   )
Fund; the Rhode Island Laborers'    )
Pension Fund; the New England       )
Laborers' Training Trust Fund;      )
the New England Laborers' Labor-    )
Management Cooperation/Trust Fund;  )
the New England Laborers; and the   )
RHODE ISLAND LABORERS' DISTRICT     )
COUNCIL OF THE LABORERS'            )
INTERNATIONAL UNION OF NORTH        )
AMERICA, AFL-CIO,                   )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   C.A. No. 13-755 S
                                    )
INSITE CONSTRUCTION, LLC,           )
                                    )
        Defendant and Third         )
        Party Plaintiff,            )
                                    )
    v.                              )
                                    )
FEDERAL INSURANCE COMPANY; and      )
KBE BUILDING CORPORATION,           )
                                    )
        Third Party Defendants.     )
_____ )

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Pursuant to 29 U.S.C. § 1145, Plaintiffs filed a Verified Complaint (ECF No. 1) against Defendant, Insite Construction, LLC ("Insite"), alleging that Insite failed to remit union dues and contribute certain amounts to specified multiemployer, joint

benefit plans.  In addition to answering Plaintiffs' Verified Complaint, Insite filed a Third-Party Complaint (ECF No. 6) against Third-Party Defendants, Federal Insurance Company and KBE Building Corporation (collectively, "Third-Party Defendants"), alleging that Third-Party Defendants failed to pay Insite for work Insite performed, which failure contributed to Insite's inability to make the required payments to Plaintiffs. On August 20, 2014, this Court granted Plaintiffs' unopposed motion for summary judgment, concluding that "[t]he undisputed facts remain that Insite is liable to Plaintiffs regardless of the claims [Insite] may have against" Third-Party Defendants. (ECF No. 11, at 3-4.)

Plaintiffs now move for entry of judgment against Insite pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (ECF No. 13.)  Plaintiffs seek judgment against Insite in the amount of $174,894.58, which represents $126,966.37 in unpaid contributions and union dues, see 29 U.S.C. § 1132(g)(2)(A); $10,918.59 in interest, see id. § 1132(g)(2)(B); $25,393.27 in liquidated damages, see id. § 1132(g)(2)(C)(ii); $10,998.39 in attorneys' fees, see id. § 1132(g)(2)(D); and $617.96 in costs of this action, see id.  Insite has not filed an opposition to Plaintiffs' motion, and the time for doing so has passed.

I.  Discussion

Under Rule 54(b), where, as here, "multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Entry of judgment under Rule 54(b) "is the exception, not the rule." Village West Assocs. v. Rhode Island Hous. & Mortg. Fin. Corp., 641 F. Supp. 2d 135, 136 (D.R.I. 2009). "A Rule 54(b) certification should be issued only when the disputed ruling is final — when it fully disposes 'of at least a single substantive claim.'" Id. at 137 (quoting Spiegel v. Trs. of Tufts Coll., 843 F.2d 38, 42-43 (1st Cir. 1988)). Additionally, "a 'rote recital of Rule 54(b)'s talismanic phrase'" will not do, id. (quoting Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003)); rather, before entering judgment under this rule, this Court must "consider[] the factual and legal interrelationship and potential overlap between the claims underlying the would-be final judgment to be appealed, and those left remaining in the district court." Id.

In this case, notwithstanding the First Circuit's pronouncement that entry of judgment under Rule 54(b) "should be 'employed with great circumspection,'" id. (quoting González Figueroa v J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 318 n.3

(1st Cir. 2009)), a Rule 54(b) judgment against Insite is appropriate. Summary judgment in Plaintiffs' favor against Insite resolved — in final fashion — all of Plaintiffs' claims in this action. See id. All that remains in this case is Insite's Third-Party Complaint, the pendency of which has no effect on Insite's liability to Plaintiffs. See Quinn, 325 F.3d at 27 ("[A] lack of overlap [between the claims on which judgment has entered and the remaining claims] strongly supports the finding of no just reason for delay (and, thus, the entry of a partial final judgment under Rule 54(b)).").

Moreover, it would be unjust to delay entry of final judgment in Plaintiff's favor merely to allow Insite to litigate its independent claims against Third-Party Defendants to judgment, especially in light of the hands-off approach that Insite has exhibited in this case thus far.[1] See Village West, 641 F.3d at 138 ("[C]ritically, a 54(b) certification supports efficiency and advances the 'interests of sound judicial administration and justice to the litigants.'" (quoting Custiss-

---

[1] For example, although Insite requested an extension of time in which to oppose Plaintiffs' motion for summary judgment, Insite never filed an opposition. Similarly, Insite has not filed an opposition to this motion. Additionally, although Insite filed its Answer and Third-Party Complaint on February 6, 2014, Third-Party Defendants have not answered or filed a notice of appearance, and it is unclear whether Insite even served them with its Third-Party Complaint. Put simply, Insite has not pursued its third-party claims with any urgency.

Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 5 (1980))). To conclude otherwise would permit Insite to further postpone, through its continued foot dragging with respect to its claims against Third-Party Defendants, the date on which it must satisfy the judgment that Plaintiffs have obtained against it. See L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (affirming entry of Rule 54(b) judgment in favor of the plaintiff on claims it asserted against the defendants, even where the defendants' cross-claims for indemnification remained pending, because "[t]he district court's view that [the] defendants were not proceeding expeditiously [in litigating their cross claims] . . . [was] a weighty factor").

Finally, although the fact that Insite failed to oppose Plaintiffs' motion does not lead to rubber-stamp approval of Plaintiffs' request for a Rule 54(b) judgment, see Walden v. City of Providence, 450 F. Supp. 2d 172, 173-75 (D.R.I. 2006) (denying unopposed motion for entry of Rule 54(b) judgment), Insite's silence is yet an additional indicator — of which there are several — that there is no reason to delay entry of judgment in Plaintiffs' favor.

For all of these reasons, this Court "determines that there is no just reason for delay," Fed. R. Civ. P. 54(b), and that final judgment should enter in Plaintiffs' favor against Insite.

See New Hampshire Ins. Co. v. Dagnone, No. CA 04-122ML, 2005 WL 3307365, at *2-3 (D.R.I. Dec. 5, 2005) (entering judgment pursuant to Rule 54(b) where summary judgment in the plaintiff's favor resolved the claims pending between the plaintiff and the defendant and all that remained in the action were the defendant's independent third-party claims against the third-party defendant).

Additionally, this Court has reviewed the statutory and contractual provisions cited in Plaintiffs' motion as well as the documentary evidence submitted in support thereof and finds that Plaintiffs are entitled to the sought amounts of unpaid contributions and union dues, interest, liquidated damages, and costs of this action. Finally, this Court discerns nothing unreasonable in the amount of attorneys' fees sought.

Accordingly, this Court GRANTS Plaintiffs' motion and, pursuant to Rule 54(b), hereby enters final judgment in Plaintiff's favor against Insite in the amount of $174,894.58.

IT IS SO ORDERED.

/s/ W.E. Smith
William E. Smith
Chief Judge
Date: January 6, 2015